FRENCH *v.* TOWNSHIP OF SOUTH ARM.

1. TOWNSHIPS—CONTRACT BY TOWNSHIP BOARD—VALIDITY—FAIR GROUNDS.

> A township board has no power, at least in the absence of authority conferred upon it by the electors legally assembled, to bind the township to pay for money and labor expended in putting land owned by the township in condition to be rented to a county agricultural society for use in holding annual fairs.

2. SAME—APPLICATION OF FUNDS.

> One who, under the supervision of a township board, expends money and labor in improving township lands, with the design of putting them in condition for use as fair grounds, is entitled to have applied upon his claim against the township for the money and labor so expended a fund raised by vote of the electors for the making of such improvements, even though his agreement is invalid for want of authority in the township board to make it. HOOKER and GRANT, JJ., dissenting.

Error to Charlevoix; Corbett, J.   Submitted November 17, 1899.   Decided January 23, 1900.

*Assumpsit* by Walter L. French against the township of South Arm to recover an amount alleged to be due for improving certain lands for a park and fair grounds. From a judgment for defendant on verdict directed by the court, plaintiff brings error.   Reversed.

*Frederick W. Mayne, A. D. Cruickshank,* and *A. B. Nicholas,* for appellant.

*E. N. Clink* and *Pratt & Davis,* for appellee.

LONG, J.   This cause was heard before a jury.   After plaintiff rested, defendant's counsel offered no testimony, and the court below directed the verdict in favor of defendant.   Plaintiff brings error.

It appears that the defendant township became the owner of 40 acres of land for park and fair-ground purposes. After the title was acquired, the township board began to make improvements upon the premises by fencing, grading, and the construction of a one-half mile driveway for teams and bicycles, and preparing the grounds for baseball. A corporation known as the Charlevoix County Agricultural Society exists in that county. In order to secure the holding of the fairs of that society in South Arm, it is claimed that the electors, at the annual township meeting held in 1894, voted to raise one-fourth of 1 per cent. that year and one-fifth of 1 per cent. ·in 1895, on the assessed valuation of the township, to improve the grounds. These amounts were spread upon the tax rolls for those years, and for the year 1894 the sum of $819.20 was paid to the township treasurer, and in 1895 the sum of $677.36. August 4, 1894, the township board borrowed $2,500, from which amount the sum of $600 was appropriated to improve the grounds. The improvements were completed, and the grounds rented to the agricultural society for fair purposes for 20 years, commencing October 2, 1894. Since that time the township has annually raised money for improving the lands. It appears that the plaintiff was employed by the town board to make the improvements. He commenced work on June 4, 1894, and has expended in money and services $2,236.29. The work was done under the supervision of the township board. He bought materials, paid for labor, furnished men and teams. The board paid him, out of subscriptions paid in by citizens and by note and mortgage, certain sums, leaving a balance due him of $1,000. He had a settlement with the township board a few days before the annual township meeting, showing such balance., The township treasurer, it is claimed, made a report to the electors at the annual township meeting in 1895, showing the amounts paid plaintiff and the balance remaining unpaid. This report was adopted by the electors, and a vote to raise the one-fifth of 1 per cent.

for that year was passed. The township board thereafter, however, refused to pay the amount due plaintiff. This action is commenced for its collection. The court below instructed the jury that the contract was void; that the evidence failed to show that any contract was made with plaintiff by the electors legally assembled in any meeting, or by any legal meeting of the township board.

It appears that the contract with plaintiff by which this indebtedness was created was made in 1894, and counsel for defendant contend that at the meeting of the electors in 1895 the question of the indebtedness of the township to plaintiff was not brought before the electors, and that the electors never authorized its payment, but that the one-fifth of 1 per cent. was levied for improvements. We think the record bears out this contention, and that the court was right in saying that the indebtedness was not created by a vote of the electors, or ratified by them, and that it was beyond the power of the township board to bind the township for its payment. But it appears that there were certain sums of money voted by the electors for the purpose of improvement of these grounds. These moneys were raised by taxation, and actually went into the hands of the township treasurer. There remained of this fund in his hands, unexpended, in March, 1896, the sum of $311.74, and on March 30, 1897, $118.84, and at the annual settlement with the treasurer in 1898 the sum of $26.23. This suit was commenced early in 1898, at which time there was in the hands of the treasurer, of the moneys raised by taxation for improvements to the grounds, at least $26.23. This money had been appropriated by the electors for the payment of just such work as the plaintiff had done. He was entitled to that amount, and any other amount that remained of the fund at that time should have been paid to him by the board. We are unable to state the amount from the record.

The court below was in error in directing the verdict for defendant. The judgment must be reversed, and a new trial ordered.

MONTGOMERY, C. J., and MOORE, J., concurred with LONG, J.

HOOKER, J. (*dissenting*). I am unable to concur with my brethren in this case as to the application of the money actually raised by the township. This money was raised by tax upon the vote of the township to raise one-fifth of 1 per cent. for fair-ground purposes. It is conceded that the township had no authority to raise money for a fair ground. Inasmuch as it has done so, however, it is now proposed to compel it to spend it for such purpose. It is admitted that plaintiff has no valid contract, for he did the work under a bargain which he was bound to know that the township was not authorized to make. This being so, there is no contract liability that he can enforce by action. The judgment should be affirmed.

GRANT, J., concurred with HOOKER, J.